WOLBERT, Appellant, vs. BEARD and others, Respondents.

*April 19—May 8, 1906.*

*Partition: Estate in possession: Wills: Construction: Power in trust: Equitable conversion: Appointment of trustee: Precatory words.*

1. Land was devised to testator's widow for her life, and an annuity was also bequeathed to her. Subject to such provision all the testator's property was given to his daughter and a grandson, it being provided that in case the daughter died before her husband her share be paid to her children, and that claims against the grandson, part being in favor of the estate absolutely and part contingently, should be charged to and deducted from his share. The duty of making such payments, as to both shares, was imposed on the executor, and the will stated that it was the testator's desire that the probate judge, after the settlement of the executor's account, appoint him trustee to control and manage the estate, to collect rents, pay all debts, and deposit all proceeds in savings bank until all debts were paid and the widow paid, from the proceeds of said rents, when her annuity became due. The will further directed that the real estate be kept intact until claims were paid, and then, if the heirs should prefer to continue receiving the proceeds, they might do so by securing payment of the widow's annuity. *Held*, that it was the testator's intention that the executor as trustee should continue in control of the estate under a power in trust during the lifetime of the widow, with power to convert the whole into money; and during such time the grandson had no estate in possession which would entitle him to maintain an action for partition.

2. The request that the probate judge appoint the executor as trustee was equivalent to an appointment by the will.
3. When words of recommendation, request, or the like, contained in a will, must necessarily be followed in order to carry out the clear purpose of the testator, they are to be regarded as words of command or direction.
4. In a will a trust may be created by intention of the testator discovered by aid of judicial construction, as well as by words taken in their literal sense.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

Action for a partition of certain real estate held by title referable to the will of P. M. Pierce, deceased.

Mr. Pierce died testate. His will was duly admitted to probate, defendant *Edward F. Hansen* being appointed executor. In due course the administration of the estate, except settlement of the executor's account and the entry of a final order, was completed. The claim of the plaintiff is that he and the defendants *E. E. Beard, Roland D. Crocker, Estelle Crocker Reese, Rachael Beard,* and *Dorothea Beard,* devisees under the will of the entire title to the realty, subject to a life estate in the widow, *Elizabeth C. Pierce,* are entitled to possession thereof, and are in fact in such possession so far as they were entitled thereto by the will. The executor claims that after the full execution of the will, as regards administering the estate, he is required to control the property under a power in trust during the lifetime of the widow. The real estate in controversy includes what was the homestead of deceased, and was devised to the widow for her life or so long as she remained unmarried. There was also bequeathed to her an annuity of $600 per year, to be paid quarterly in advance for her life, or so long as she remained unmarried. All the property, subject to such provision for the widow, was devised and bequeathed to the plaintiff and the defendant *E. E. Beard,* the provision for the latter being, however, contingent upon her surviving her husband, R. O.

Beard, and on condition that in case of her not so surviving it should go to her four children, the defendants *Roland D. Crocker, Estelle Crocker Reese, Rachael Beard,* and *Dorothea Beard.* The share of plaintiff was conditioned that a note for $719.90, given by him to the deceased, and the amount due on another note, given by the former and indorsed by the latter to the defendant bank, for $1,200, should be a charge thereon.

All the facts aforesaid and such others as were requisite to make a cause of action for a partition, if one was proper, in view of the state of the title under the will, were stated in the complaint. It was alleged that all persons interested in the realty in remainder were ready and willing to secure the annuitant such part of the income provided for her as was made chargeable upon their several shares. A copy of the will was made a part of the complaint. That portion thereof material to be examined in the disposition of the appeal is as follows:

"All the residue of my estate, both real and personal, of whatsoever it may consist, or wherever it may be found, I give and bequeath to my heirs, to wit, *Mrs. E. E. Beard,* my daughter, wife of R. O. Beard, now of Minneapolis, Minnesota, and my grandson, *Granville W. Wolbert,* now of St. Paul, Minnesota, share and share alike. In case of the death of my said daughter before her husband I order that her share of my estate be paid to her four children, to wit, *Roland B. Crocker,* of Newark, New Jersey, *Estelle Crocker Reese,* wife of Dr. Reese, of Minneapolis, Minnesota, *Rachael Beard,* her daughter, and *Dorothea,* also her daughter, both of Minneapolis, Minnesota, share and share alike.

"I order that one note for $719.50 Seven Hundred and nineteen and 50-100 dollars, made by my grandson, *Granville W. Wolbert,* to me, being part of estate, if not sooner paid, be charged to him and deducted from his share of my estate with the interest remaining unpaid.

"I also order that if my grandson *Granville W. Wolbert* shall owe any bank, or other person in Beloit, which has my name signed to the debt, it shall be charged to him and de-

ducted from his share of my estate, as such signature of mine
is but only a security for the payment of said indebtedness,
the debt being made for his sole benefit, and therefore should
be paid by him with interest.

"At the settlement of my executor's account in probate
court I desire the said probate judge to appoint my said ex-
ecutor, *Edward F. Hansen,* trustee, to assume control of all
my estate, both real and personal, to prosecute and execute
the business of said estate, especially and generally for the
best interests of said estate, to rent all tenements to good,
honest, responsible tenants, who will pay rents in advance,
and look after all temporal interests and all repairs, and do
all necessary work to collect rents, pay all debts, and deposit
all proceeds in savings bank until all my debts are paid; and
my wife paid, from the proceeds of said rents, when her an-
nuity becomes due.

"I order that my real estate be kept intact, that nothing
be sold before all claims are liquidated, and then, if my heirs
should prefer to continue receiving the proceeds, they will
have the right so to do by securing wife her annuity promptly
when due."

The executor demurred to the complaint for insufficiency,
and the demurrer was sustained.    The plaintiff appeals.

The cause was submitted for the appellant on the brief of
*E. D. McGowan;* for the respondents *Beard, Crocker,* and
*Reese* on the brief of *Ruger & Ruger,* attorneys, and *Henry J.
Fletcher,* of counsel; and for the respondent *Hansen* as ex-
ecutor on that of *J. C. Rood.*

MARSHALL, J.    It is conceded that if testator purposed
that the control of his estate should remain with the executor,
acting as trustee, after conclusion of the ordinary adminis-
tration, plaintiff had no interest in the land sought to be par-
titioned, denominated in sec. 3101, Stats. 1898, an "estate in
possession," and so is not entitled to maintain the action.
The case, therefore, must turn on the construction given to
the will.

The property, in express terms, was willed to appellant and

his sister, subject to the homestead right of the widow. It is evident, however, it was intended that the right of possession should be separated from the legal title, since it was provided that the share willed to the daughter should be paid to her four children in case of her death during the lifetime of her husband, and that claims to a large amount against appellant, part being in favor of the estate absolutely and part contingently, should be paid out of his share. The duty of making such payments, as regards both shares, was imposed on the executor. It is difficult to see how that duty could well be performed unless he retained control of the property with authority to convert the same into money.

The words "pay to her four children share and share alike" as regards the share contingently willed to the daughter, and the words "charged to him and to be deducted from his share" as regards appellant's portion, pretty clearly show that the purpose of the testator was that his estate should be treated as personalty. It would hardly be possible to take an estate composed largely of realty, divide it into two shares, satisfy out of one share a large amount of claims necessarily payable only in money, and subdivide the other share into four parts and pay one of such parts to each of four persons, in any other way than by converting the whole into money. In such circumstances such an intention is to be presumed and the doctrine of equitable conversion applied. *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650. Obviously it would be impossible to execute that part of the will relative to making such four payments without controlling the daughter's share till after the death of her husband.

In harmony with the foregoing, the testator expressed a desire that his executor should not surrender control of the estate upon the settlement of his account covering the administration period, but that under an appointment by the county judge as trustee he should assume, after such term, full control of all the property and remain in such control so long as

necessary to fully carry out all purposes expressed in the will. The idea that such a period would not terminate till the death of his widow is clearly manifested by the direction for control to last and the income as it accrued to be paid into the bank for disbursement so far as necessary, in payment of the widow's annuity of $600 per year, till such annuity should be fully paid.

Further, the words expressly directing the "real estate be kept intact" till all claims should be liquidated (meaning till the debts of the deceased proved against his estate should be paid), and if the heirs "should prefer to continue receiving the proceeds they will have the right to do so by securing" prompt payment of the annuity, by necessary implication mean that after payment of all claims against the estate the executor or trustee need not longer keep the real estate intact, but may convert the same into other property under the broad discretionary power given to manage the estate for the best interests of all in his judgment, subject to the opportunity afforded to the heirs as stated. The words "continue to receive the proceeds" by themselves would suggest a prior receipt thereof by the heirs, but that would contradict the express requirement for the executor or trustee to receive such proceeds and deposit the same in the bank during the annuity period. Such words must mean that if the heirs prefer receiving the proceeds of the property *in specie* to having the executor or trustee accumulate the same they may do so by securing payment of the annuity to the widow independently of such proceeds. The clause suggests opportunity for the heirs to receive the income of the property *in specie,* not to receive the corpus of the property either in the form in which it was left by the testator or any other.

So, on the whole, the will plainly contemplates vesting of the legal title to the property in appellant and his sister, with a power in trust in the executor as trustee giving him full control, including power to sell the property during the lifetime

of the widow subject to her right and subject to the right of
the heirs, themselves, to have the income of the property as it
was left, upon condition of their giving security for payment
of the annuity.

The fact that the testator did not, in terms, appoint the ex-
ecutor as trustee, but requested the county judge to do so, is
of little importance.    Manifestly the handling of the prop-
erty as the testator desired it should be administered would
be impossible without a trustee, therefore he must have in-
tended the request for the appointment of the executor in that
regard, at the termination of the administration period, as
equivalent to an appointment by will.    If any act on the part
of the probate judge were necessary, it would be one which it
would be his duty to perform the same as in case of the ap-
pointment of an executor in harmony with the testamentary
suggestion.    The request under the circumstances created
what is called a precatory trust.

When words of recommendation, request, or the like, con-
tained in a will, must necessarily be followed in order to carry
out the clear purpose of the testator, they are to be regarded
as words of command or direction.  *Knox v. Knox,* 59 Wis.
172, 18 N. W. 155; *Swarthout v. Swarthout,* 111 Wis. 102,
86 N. W. 558.    In a will a trust may be created by intention
of the testator discovered by aid of judicial construction, as
well as by words taken in their literal sense.    That follows
necessarily from the primary rule for the treatment of wills,
that the intention of the testator manifested by his testamen-
tary words must control.    That rules this case in favor of the
respondent.

*By the Court.*—The judgment is affirmed.