ESTATE OF OGG: BIART, Appellant, vs. FIRST NATIONAL
BANK OF MADISON, Administrator w. w. a., and an-
other, Respondents.

*June 3—June 20, 1952.*

182

184

For the appellant there were briefs by *Bull & Biart* of Madison, and oral argument by *Benjamin Bull* and *Nat P. Biart*.

For the respondents there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *Walter P. Ela.*

CURRIE, J. Counsel for the respondents contend that sec. 310.25, Stats., gives Grace L. Ogg, as next of kin of the testator, the unqualified right to name the attorneys for the bank, as administrator with the will annexed, even though testator in his will directed that Mr. Biart be employed as legal counsel by the administrator with the will annexed and trustee. Sec. 310.25, provides as follows:

"Whenever a firm or corporation of any kind is named as administrator or executor of an estate, he or she who is nearest of kin and who receives any interest in the estate, and if there be no bequest of any kind, then the party receiving the largest amount or interest from the estate, shall name the attorney who shall represent the estate in all proceedings of any kind or nature, unless good cause be shown before the court why this should not be done. . . ."

The point in issue in this case is one of first impression in this court. We believe that the advisable approach in passing upon such question is to first determine whether the direction of the testator, that Mr. Biart be employed by the executor (administrator with the will annexed) as counsel in the administration of the estate, would be enforceable in the absence of sec. 310.25, Stats.; and, if the conclusion is that it would be enforceable under the facts in this case in the absence of the statute, then to consider whether such result would be affected by reason of the existence of the statute.

Wisconsin has taken a more advanced position in carrying out the intent of the testator as expressed in his will than probably any other state. The following statement from 1 Page, Wills (2d ed.), p. 37, sec. 22, recognizes this:

"According to the great weight of authority in the United States, the right to make a will is in no sense a property right or a so-called natural right. It did not exist for realty

at common law, nor at one time for more than a fraction of a testator's personalty. It is therefore not a right protected by any of the constitutional provisions whereby property is protected, which is sometimes expressed by saying that it is not a natural right; but it is purely a statutory right, subject to the complete control of the legislature.

"On the other hand, the courts of Wisconsin have dissented sharply from this theory and have held that *the power to make a will is an inherent power and not a statutory power. They hold that the right to make a will is secured by the constitution, and that the legislature can regulate succession by will or descent in intestacy within reasonable limits, but that it cannot impair such rights substantially or take them away entirely.*

"Under this theory, every person of mature age and sound mind has a right, conformably to statutory regulations designed to safeguard such right, to make his own will, *and have it carried out according to his intent*; and the constitutional right to make a will includes the right to have a valid will so given effect as to enforce the intention of the testator." (Emphasis supplied.)

This court, in *Will of Rice* (1912), 150 Wis. 401, 444, 447, 136 N. W. 956, 137 N. W. 778, stated:

"The right to make a will is more sacred than the right to make a contract. . . .

". . . the right to make a will and have it allowed and carried out is a *constitutional right,* affirmed by statute law, and *which courts and parties are powerless to take away.*"

As recently as 1948, this court in its decision in *Will of Szperka* (1948), 254 Wis. 153, 157, 35 N. W. (2d) 209, reiterated the principle, that the right to make a will is one that is guaranteed by the constitution, as follows:

"It has often been held by this court that one of the most important rights that a normal adult person has is his power to dispose of his property by will as he chooses. In fact, it has been referred to by this court as a 'sacred right' and one that is guaranteed by the constitution. *Will of Rice* (1912), 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Upham v. Plankinton* (1913), 152 Wis. 275, 140 N. W. 5;

*Will of Ball* (1913), 153 Wis. 27, 141 N. W. 8; *Duncan v. Metcalf* (1913), 154 Wis. 39, 141 N. W. 1002; *Will of Schaefer* (1932), 207 Wis. 404, 241 N. W. 382."

Not only is the right to make a will a sacred right guaranteed by the constitution, but, as stated in *Will of Rice, supra* (pp. 447, 450), such right:

". . . subsists after the death of the testator, he being recognized as having, in effect, given the court irrevocable power of attorney to carry out his wishes, *but not to violate them.* . . .

"So we must conclude, not only that there is a constitutional right to make a will but that such right includes a right of equal dignity to have it carried out. There seems to be no escape from the conclusion."

Likewise in *Will of Dardis* (1908), 135 Wis. 457, 463, 115 N. W. 332, this court stated:

"His [the testator's] right is recognized to direct at least the method of management and disposal of his property after his decease, which courts cannot be compelled to disregard to accommodate the wishes of some or even all parties having pecuniary interest in the property."

In the instant case the respondent bank, as administrator with the will annexed, has voiced no objection against employing Attorney Biart as its counsel in administrating testator's estate, and stated in its petition to the trial court that it is willing to so employ him as its counsel if the court should so instruct it. In the absence of any statute to the contrary, we would have no hesitation in reaching the conclusion that the expressed request of testator contained in his will, that Mr. Biart be retained as counsel, would take precedence over the request of his sister as next of kin and a legatee under the will, that the firm of Ela, Christianson & Ela be employed as such counsel.

This court, in *Will of Ball* (1913), 153 Wis. 27, 31, 141 N. W. 8. stated:

". . . in a very high degree, the testamentary right, as compared with that of the mere subjects of testamentary charity or bounty, is the superior."

Testator expressly states in his will the reasons he requested that Mr. Biart be employed as counsel, such reasons being that Mr. Biart had an intimate knowledge of testator's affairs, views, and wishes respecting many matters that might arise in the probating of the instrument, the administration of the estate, and the execution of the trusts. On the other hand, the record is silent as to what reason respondent Grace L. Ogg had for opposing Mr. Biart's appointment as counsel and requesting the employment of other attorneys, but such reason would be immaterial unless good cause could be shown by her why it would be inimical to the interests of the estate that Mr. Biart be employed as counsel by the bank.

However, the fact that Miss Ogg, in her letter to the bank requesting the naming of other counsel, mentioned that she had been considering contesting the will indicates disappointment on her part as to the extent of the testator's bounty provided for her under the will, thus permitting the inference to be drawn that her antipathy to Mr. Biart may possibly have been due to a belief on her part that he had assisted testator in drafting a will of which she disapproved. Public policy would clearly seem to require that the expressed views of testator, based on the sound reasons he advanced in his will for naming Mr. Biart as counsel who was to assist the administrator with the will annexed in the administration of the estate, should take precedence over the contrary wishes of his sister as next of kin, in the absence of any showing of good cause for disregarding testator's request.

In the instant case it is also of some significance that testator did not name an executor, thereby leaving it to the court to appoint the administrator with the will annexed, so that the only person he did name who was to take part in the administration of the estate was Attorney Biart.

Counsel for the respondent urge that to give recognition to the expressed request of testator, that Mr. Biart act as counsel for the bank in the administration of the estate, is directly contrary to the great weight of authority, and cites us to an annotation in 166 A. L. R. 491, on the subject. All of the decisions, including one English case, with the single exception of those of Louisiana, are cited therein as supporting the following principle:

"Provisions of a will naming an attorney to represent the executor in the probate of the will and the administration of the estate, or requesting the employment of a named attorney by the executor, are merely suggestive, precatory in nature, and not binding upon the executor, who is at liberty to disregard such provisions and to select an attorney of his own choice."

We have examined all of the cases cited in such annotation in support of the above-quoted principle, and find that in none of them was there a fact situation similar to the instant case in which the executor was willing to employ the attorney named by testator in his will. In a few cases the issue was raised collaterally, such as determining whether the attorney named had sufficient interest to bar him from acting as a witness to the will. In practically all the other cases, the executor, or executors, had either objected to carrying out the request of testator, or had engaged counsel other than named in the will. None of such cases is in point as to the instant case in which the administrator with the will annexed is willing to employ as counsel the attorney named by testator in his will.

Examination of the cases so cited in such annotation (166 A. L. R. 491) discloses that the courts in those cases have based their decisions, that the executor can disregard the request of testator that a certain attorney be employed by the executor, on one, or both, of the following two grounds: (1) That the request is merely suggestive or precatory in

nature, or (2) that the executor is responsible for the dereliction or negligence of counsel employed, and therefore the executor should not be forced against his will to employ as counsel someone in whom the executor has no confidence.

In the instant case we have no difficulty in reaching the conclusion that the words used by testator in requesting the appointment of Mr. Biart as counsel are more than precatory, and are in the nature of a direct request, the words being, "I hereby declare it to be my express desire." In *Will of Platt* (1931), 205 Wis. 290, 296, 237 N. W. 109, it was stated:

"Here it is manifest from the whole will and the circumstances that the words 'it is my desire' indicate an intent as distinguished from a mere wish. The words are therefore mandatory."

In other words, the bank being willing to carry out this expressed desire of testator, the intent of the testator is mandatory as to all other persons.

As previously pointed out herein, the further reason advanced by courts for disregarding such a request by testator for naming counsel, that an executor should not be saddled with counsel in whom he has no confidence and for whose acts the executor would be financially responsible, does not apply to the instant case. However, it is interesting to note that on this point the Louisiana court differs from the other courts which have passed on the question. In *Rivet v. Battistella* (1929), 167 La. 766, 120 So. 289, it was held that the decisions in other jurisdictions had proceeded upon the theory that the naming of an attorney might be distasteful or disadvantageous to the executor, and had entirely overlooked the fact that the testator may impose such conditions as he sees fit on his executor, and the latter is free to decline the trust if not satisfied with the condition so imposed.

We now come to the question of what effect the provisions of sec. 310.25, Stats., have upon the result in this case.

The author of a note appearing in 31 Marquette Law Review, 231, 236, states that the purpose underlying the enactment of this statute was "for the protection of the interests of the heirs, and to prevent a monopoly of the probate business by counsel appointed by such [corporate] executors." In other words, the statute was aimed to prevent the real, or fancied, evil of corporations acting as executors playing favorites in selecting counsel, thus tending to create a monopoly in probate business by such favorite counsel. It assuredly was not aimed at preventing a corporate executor from selecting as its counsel to probate an estate the attorney whom testator had requested in his will be so selected.

It is a principle of statutory construction that the rules of common law are not to be changed by doubtful implication. *Leach v. Leach* (1952), 261 Wis. 350, 52 N. W. (2d) 896, and authorities cited therein. The common law that this principle has reference to is, of course, the common law of Wisconsin, and not that of other states, in a field in which Wisconsin, by court decisions, has taken a different stand than the courts of other jurisdictions. Should this principle of statutory construction be applied in construing sec. 310.25, Stats., so as to hold that that statute has no application to a situation in which testator has named the attorney for the corporate executor and such corporate executor is willing to abide thereby? We conclude that it should be so construed, in view of the serious doubts we entertain as to the validity of the statute if it were not thus construed.

In view of the fact that Wisconsin is unique in holding that the right to make a will and have it carried out is a sacred right guaranteed by the constitution, it necessarily follows that any regulation or limitation of such right by the legislature must be of a reasonable nature. *Nunnemacher v. State* (1906), 129 Wis. 190, 202, 108 N. W. 627.

Inasmuch as this court has held that the right of testator to dispose of his property as he sees fit is paramount to the

right of the object of his bounty, such as his next of kin or legatee, it would appear to be an unreasonable limitation of this right of testator for the legislature to legislate that the right of a next of kin, named as legatee in a will, to select counsel for the executor, supersedes any testamentary direction of testator in such respect.

In *Will of Risher* (1938), 227 Wis. 104, 111, 277 N. W. 160, this court stated:

"Anything designed to defeat the intent of the testator is against public policy."

For these reasons, we conclude that sec. 310.25, Stats., must be construed as having no application to a situation, such as in the instant case, in which the testator, by his will, has designated the counsel for the executor, and the executor is willing to employ as counsel the attorney so designated by testator. It is our duty to so construe this statute as to uphold its validity, if the resulting construction is one that is reasonable and does not lead to an absurd result.

Respondents have moved for a dismissal of the appeal on the ground that Mr. Biart, as appellant, is not a "person aggrieved" by the orders appealed from within the meaning of sec. 324.01, Stats., governing appeals from county courts. This court in *In Re Fidelity Assur. Asso.* (1945), 247 Wis. 619, 625, 20 N. W. (2d) 638, quoted with approval from 2 Am. Jur., Appeal and Error, p. 945, sec. 152, as follows:

"A party is aggrieved if he would have had the thing if the erroneous judgment had not been given. Or, as it is sometimes put, in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his rights of property or bears directly upon his interest. A broader and more comprehensive definition is that an aggrieved party, within the meaning of a statute governing appeals, is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment."

We believe that under the foregoing quoted rule, Mr. Biart is an aggrieved party under the facts as they exist in the instant case. The testator requested his appointment as counsel for the administrator with the will annexed, and the bank, as such administrator with the will annexed, is willing to employ him as such counsel, and he would have been so employed except for the request of Grace L. Ogg and the orders of the trial court instructing the bank to employ other counsel.

We hold that the orders of the trial court appealed from should have instructed the administrator with the will annexed to employ Mr. Biart as its counsel.

*By the Court.*—Orders reversed and cause remanded with directions to enter a new order in conformity with this opinion.

FAIRCHILD, J., took no part.