Estate of Braasch: Laus, Appellant, vs. Braasch, Respondent.

*January 7—February 5, 1957.*

For the appellant there were briefs by *Bull & Biart* of Madison, and oral argument by *Nat Biart*.

For the respondent there was a brief by *Keefe, Patri, Stillman & Nolan,* and oral argument by *Hibbard H. Engler* and *William E. Crane,* all of Oshkosh.

FAIRCHILD, J. No previous decision of this court has dealt with the effect of a testamentary designation of an attorney for the executor, except for the special situation presented in *Estate of Ogg,* 262 Wis. 181, 54 N. W. (2d) 175. There the will named no executor although a bank was named as trustee of a trust created by the will. The will declared "my express desire" that the executor and trustee employ a certain lawyer, explaining that the lawyer had an intimate knowledge of testator's affairs and wishes. The bank was appointed administrator with the will annexed. Testator's next of kin asserted her right under sec. 310.25, Stats., to name the attorney for the estate, there being a corporate administrator. The administrator petitioned for instructions, stating that it was willing to retain either the attorney named in the will or the attorney named by the next of kin.

This court decided that the administrator should be instructed to retain the attorney named in the will. The opinion reviewed the decisions of this court treating the right to make a will as a constitutional right and indicated that the court accorded considerable weight to the following facts: (1) The will expressed sound reasons for naming the particular attorney; (2) the will did not name an executor; (3) the administrator was willing to employ the attorney named in the will. In the *Ogg Case* the conflict was between recognition of the desire of the testator expressed in the will and recognition of the desire of the next of kin, pursuant to the statute applicable only where a firm or corporation is administrator or executor and, by its terms, inapplicable when good cause is shown to the contrary.

Unlike the Ogg will, the will now before the court expressed no reasons for the testatrix's selection of counsel;

the will named the executor; and the executor was unwilling to retain the attorney named in the will.

The majority rule (in all states where the question has been decided, except Louisiana) is that a testamentary request or designation of an attorney to represent the executor does not bind the executor. Cases cited at 166 A. L. R. 491, discussed in *Estate of Ogg, supra,* page 189.

It is said in support of the majority rule that the executor is entitled to his choice of counsel because he is responsible for any dereliction or negligence on the part of his counsel and because of the confidential character of the relationship between attorney and client. To the contrary, it is suggested that if the executor is dissatisfied with the attorney chosen by the testatrix, he can decline to act.

We are mindful of the extent to which this court has gone in giving effect to the intent of the testator. Nevertheless where a testator has named an executor and has directed him to retain a particular attorney, that intent or wish is necessarily thwarted to some degree if either one of them is unwilling to act with the other. Thus our problem is to determine what the intent is in the situation which has arisen.

The function performed by an executor under a will is of great importance and the confidence reposed in him by the testator is of similar extent. Early commentaries suggested that a will in which no executor was named was not sufficient as a testament. An instrument executed as a will is one even though it does nothing except to appoint an executor. 1 Page, Wills (lifetime ed.), pp. 104, 105, sec. 47. Historically the attorney for the executor was by no means so essential. While an executor has the right to employ an attorney even where the will does not say so, such authority is limited to the extent to which legal services are needed. *Will of Willing,* 190 Wis. 406, 414, 209 N. W. 602. An attorney's claim for services is normally against the executor or administrator, and the court allows some or all of a fee paid or incurred only

as a credit on the account. *Estate of Arneberg,* 184 Wis. 570, 574, 200 N. W. 557.

Because of the essential character of the function of the executor, and the gravity of the trust reposed in him, and because the attorney does not act independently, but advises and renders professional services to the executor, we reach the conclusion that the intent expressed in the Braasch will was that Robert should serve as executor even though unwilling to retain the attorney named.

The question was argued before us whether the word "request" should be interpreted as the equivalent of the word "direct" or some similar term literally more mandatory than "request." We do not base our conclusion upon this choice of words. In proper context words indicating a wish, desire, or request have frequently been held to convey a testamentary intent. *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Wolbert v. Beard,* 128 Wis. 391, 107 N. W. 663; *Will of Platt,* 205 Wis. 290, 237 N. W. 109; *Estate of Ogg, supra;* 1 Page, Wills (lifetime ed.), pp. 200–202, sec. 91. But we cannot say that the Braasch will expresses an intent that the executor must either employ a particular attorney or decline to act as executor.

Appellant emphasizes the fact that the request to retain him was inserted in the will at the specific direction of testatrix after the will had first been prepared without it, that testatrix was unwilling to relieve her son from giving bond as executor, and that she insisted on keeping the execution of her will a secret. None of these facts would compel a different conclusion as to her intent.

*By the Court.*—Order affirmed.