ESTATE OF STRANGE: STATE, Appellant, v. STRANGE and others, Respondents.

*May 5—June 2, 1959.*

For the appellant there were briefs by the *Attorney General* and *John E. Armstrong* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Mr. Wood* and *Mr. Armstrong.*

For the respondents there was a brief by *Morris Warzinik* of Neenah, attorney, and *D. E. McDonald* of Oshkosh of counsel, and oral argument by *Mr. Warzinik.*

For the respondent guardian *ad litem* there was a brief and oral argument by *E. C. Joyce* of Neenah.

BROWN, J. The appeal is from a judgment allowing the supplemental final account of the executors of the will of John Strange. The judgment contains an allowance and order for the payment of fees to the attorney of the executors and to the guardian *ad litem.* The judgment confirms possession of $27,480.44 in the hands of the executors and presumably is available for payment of fees to the executors' attorney and to the guardian *ad litem.* The appellant challenges the adjudication that this sum is held by the executors as such and also appeals from the order allowing and directing attorney's and guardian *ad litem* fees to be paid out of this amount.

This is a continuation of the litigation presented in *Estate of Strange* (1958), 3 Wis. (2d) 104, 87 N. W. (2d) 859. In 1928 in the course of the probate of the estate of John Strange the county court of Winnebago county entered a judgment declaring:

"It is further ordered and adjudged: That the sum of Twenty-five Thousand Dollars ($25,000) accumulated as directed be by the executrix and executors set apart, held, kept, and invested by them as trustees, in some safe, reliable, and profitable manner, and the income thereof they pay over to or use and expend for divers public uplift and charitable purposes according to the will of said deceased."

The executors, acting as trustees pursuant to that judgment, administered the trust till 1957. Then the surviving executor and trustee brought a proceeding to declare void the 1928 judgment and the trust so established. In *Estate of Strange, supra,* we held that in 1957 the court lacked jurisdiction to reverse or amend the 1928 judgment. Upon remittitur, pursuant to our mandate, the trial court reinstated the 1928 judgment. The sum of $27,480.44, just referred to, consists of the original trust fund of $25,000 and that which remains from its undistributed income.

Present respondents were engaged in the effort to declare void the 1928 trust and to bring about the distribution of the

trust fund among John Strange's heirs. They failed. Ordinarily no one would contend that the attorney's fees incurred in that attempt by the losing party must be paid by the winner out of trust funds and we find no authority for it now. However, the respondents assert that they are entitled to this because the county judge then in office ordered the executors to bring the 1957 proceeding to upset the judgment which he had pronounced in 1928. There is no such order of record, but never mind. Respondents also submit that executors are allowed their proper disbursements, which include fees to their attorney. Such fees are normally charges against executors, to be allowed only as a credit on the executors' account. *Estate of Braasch* (1957), 274 Wis. 569, 80 N. W. (2d) 759.

We need not quarrel with respondents' contention that the undistributed estate of John Strange remaining in the executors' hands may be applied, when approved by the probate court, to pay the executors' attorney. The practical problem, however, is that there is no such estate, as far as we can discover. Certainly, the $25,000 trust fund and its avails are not a part of the undistributed estate remaining in the hands of the executors. That sum was set aside and put in trust by the judgment of 1928. They cannot now recapture it from the trustees, by holding themselves out as executors, to finance a destruction of their trust. As trustees, respondents have the obligation of loyalty to their trust which is required of fiduciaries unafflicted with split personalities. We conclude that attorney's fees recently incurred by the executors in derogation of the trust are not to be paid from funds assigned in trust thirty years ago and administered as such in the interim. The attorney and his client must look to other sources for payment.

Passing now to the allowance of fees to the guardian *ad litem,* the record shows that Mr. John W. O'Leary was appointed on January 26, 1957, ". . . guardian *ad litem* for

said minors, unknown heirs, devisees, legatees, or incompetents, for the sole purpose of appearing for them and taking care of their interests. . . ." Appellant protests, and the record bears it out, that all heirs and devisees are known and they are known not to be minors or incompetents. On June 13, 1928, the county court judicially determined the identity of the heirs of John Strange. In the succeeding thirty years there is no claim that others were omitted, no others have appeared, nor have any such been discovered. The guardian *ad litem* has found no one whom he represents nor one who could or did benefit by his service.

Guardians *ad litem* are appointed by the courts pursuant to sec. 324.29 (2), Stats.:

*"When it shall be necessary* to appoint a guardian *ad litem* for any person under disability, the court may appoint such guardian at the time of making the order for hearing the matter, and require notice thereof and of such hearing to be served upon such guardian; or such guardian may be appointed on the day of the hearing, and before any proceedings are had." (Our italics.)

Guardians *ad litem* are not to be appointed to deplete an estate unless there is some necessity for one to serve a useful purpose. And, generally speaking, it is improper for a court to order paid out of trust funds the expenses of litigation of a defeated party respecting such fund except to the extent of his interest in the fund. *Will of McNaughton* (1909), 138 Wis. 179, 118 N. W. 997, 120 N. W. 288.

The guardian *ad litem* is faced by the same embarrassment that the executors are. No wards can be found who have any interest in the trust fund from which fees may be paid. In very similar circumstances, in *Estate of Austin* (1951), 258 Wis. 578, 46 N. W. (2d) 861, although there was an identified ward in that case, as here, the alleged ward had no financial interest in the outcome and there was no fund out of which to pay the fee. And, as here, the county court had

no jurisdiction to hear the petition. No guardian *ad litem* or attorney should have been appointed for the alleged ward. We reversed the order allowing guardian *ad litem* fees. We do so here.

Appellant has moved to strike the brief of the guardian *ad litem*. That is immaterial now.

Respondents have moved for a review of the county court order which reduced their respective fees. That motion becomes immaterial also, under this decision.

*By the Court.*—Order and judgment reversed.

MARTIN, C. J., took no part.