Estate of Sieben: Sieben, Executor, Appellant, v. Phillips, Respondent.

*April 28—June 2, 1964.*

For the appellant the cause was submitted on the briefs of *Franklin J. Kirgues,* attorney, and *Rudolph L. Forrer* of counsel, both of Milwaukee.

For the respondent there was a brief and oral argument by *Bertram J. Hoffman* of Milwaukee.

CURRIE, C. J.   The trial court determined that the instant case is governed by *Estate of Ogg* (1952), 262 Wis. 181, 54 N. W. (2d) 175, while the appellant executor contends *Estate of Braasch* (1957), 274 Wis. 569, 80 N. W. (2d) 759, controls.

The facts of the present case parallel those in the *Ogg Case* in one respect and differ in others.  The clauses of both wills, which expressed a desire that a named attorney be retained to probate the estate, stressed that such attorney had an intimate knowledge of testator's affairs.  However, the Ogg will named no executor, and the corporate fiduciary, which was appointed administrator with the will annexed, had no objection to employing the attorney named in the will as its counsel to probate the estate.  The instant will, on the other hand, does name an executor, to whom letters

testamentary have been issued, and this executor objects to employing the attorney named in the will. We deem that these two differences considered together, are sufficient to distinguish the instant case from the *Ogg Case* and militate against the latter's being controlling of the result here.

We are satisfied that *Estate of Braasch, supra,* rules the instant case and requires reversal of the order appealed from. The provision in the Braasch will, which requested the executor to retain a particular attorney to probate the estate, did not recite that such attorney was familiar with the testator's affairs, while the instant will contains such a recitation. In the absence of such a recitation it will be assumed that testator had some legitimate reason which prompted him in requesting that a particular attorney be employed by the executor. Thus, we do not consider the absence of such a recitation sufficient to render inapplicable the holding in the *Braasch Case* that the executor was not required to employ the named attorney if the executor was unwilling so to do. In that case we considered the alternative of the executor's resigning in the event he was unwilling to employ the named attorney, and stated (274 Wis. at page 573) :

"Because of the essential character of the function of the executor, and the gravity of the trust reposed in him, and because the attorney does not act independently, but advises and renders professional services to the executor, we reach the conclusion that the intent expressed in the Braasch will was that Robert should serve as executor even though unwilling to retain the attorney named.

"The question was argued before us whether the word 'request' should be interpreted as the equivalent of the word 'direct' or some similar term literally more mandatory than 'request.' We do not base our conclusion upon this choice of words. In proper context words indicating a wish, desire, or request have frequently been held to convey a testamentary intent. *Knox v. Knox,* 59 Wis. 172, 18 N. W. 155; *Wolbert v. Beard,* 128 Wis. 391, 107 N. W. 663; *Will of Platt,* 205 Wis. 290, 237 N. W. 109; *Estate of Ogg, supra;*

1 Page, Wills (lifetime ed.), pp. 200–202, sec. 91. But we cannot say that the Braasch will expresses an intent that the executor must either employ a particular attorney or decline to act as executor."

This holding controls the instant situation where the testator names the executor and the attorney the executor is to employ, but does not indicate any preference between the two. In the absence of a statement of intent in the will that a named attorney be employed by the personal representative even at the cost of the resignation of the personal representative, an executor is not required to employ an attorney in opposition to the executor's own wishes.

We also consider it to be immaterial whether or not the executor's unwillingness to employ the attorney named in the will is so adamant that the executor would resign his trust rather than be forced by court order to carry out testator's request that such attorney be retained. This is because of the relationship of mutual trust and confidence that ought to exist between client and attorney. We deem particularly apposite this statement of the Minnesota court in the recent case of *State ex rel. Seifert v. Smith* (1961), 260 Minn. 405, 417, 110 N. W. (2d) 159:

"While admittedly relators [the firm of attorneys named in the will], in the instant case, are perfectly competent and suitable to handle the probating of any will, we nevertheless are of the opinion that an executor should not be forced against his will to employ an attorney upon whose judgment he does not wish to depend and whose advice he feels he cannot follow with confidence. Since the relationship of attorney and client is a confidential one, it must of necessity be based on mutual trust. Forcing such relationship upon the client against his will would not be conducive to an atmosphere of reciprocal confidence."

*By the Court.*—The order appealed from is reversed.

DIETERICH, J. (*dissenting*). I must respectfully dissent from the decision of the majority.

The primary guideline in construction of a will is the intent of the testator as expressed therein. A reading of the will in the instant action leads to only one conclusion—that it was the testator's intention to have one of the two attorneys named in Clause VI as the attorney for the estate. Thus, we start with the proposition that the intent of the testator should control. Opposing this principle is the doctrine or rule of public policy that the executor should be allowed to select the attorney in order that they may work harmoniously together in probating the estate.

In the instant action, the will itself reveals that the testator reposed singular confidence in the named attorneys because of their "complete familiarity" with his estate and financial affairs. Clause VI of the will is couched in mandatory, rather than suggestive or precatory, language, and the public-policy doctrine cannot be applied so as to overcome the clear mandate of the testator contained in his will. If the named attorney is negligent in carrying out his duties, he may be removed for cause by the executor. However, he cannot be negligent until he acts, and there is nothing in the record to indicate that he would be in any way incompetent to handle the matters entrusted to him by the will. On the other hand, the executor holds a position similar to that of a trustee, and is under a duty to carry out the wishes of the testator. He is free to decline this trust if he is not satisfied with the conditions imposed upon him by the testator.

I see no reason, either in fact or policy, to overturn the decision of the trial court, and would therefore affirm.