ESTATE OF AINSWORTH: SUTHERLAND, Appellant, v. WEINKE and another, Respondents.*

*No. 368. Argued June 4, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 828 and 189 N. W. 2d 505.)

* Motion for rehearing denied, without costs, on September 15, 1971.

154

For the appellant there was a brief by *St. Peter & Hauer,* and oral argument by *A. D. Sutherland,* pro se, all of Fond du Lac.

For the respondents there was a brief by *Weinke & Weinke* of Fond du Lac, and oral argument by *Ervin A. Weinke.*

HANLEY, J. The sole issue presented on this appeal is whether the county court abused its discretion in granting the petition for a substitution of attorneys.

Sec. 324.29 (3), Stats., provides:

"ATTORNEYS. No attorney shall appear, or be appointed as guardian ad litem, for different persons in the same matter or proceedings, whose interests and rights in relation to such matter or proceeding shall be conflicting. The attorney who shall first appear for any party shall be recognized as his attorney throughout the matter or proceeding, unless another is substituted with his consent in writing, or for good cause shown upon application to the court, and after notice to such attorney, if residing in the state and his residence is known, and by order of the county court."

In a memorandum decision the trial court concluded that the primary reason that the executor here sought a substitution of attorneys was to comply with the desires of the residuary legatees. It pointed out that though Mr. Sutherland was familiar with the business and personal affairs of the testatrix, she manifested no intent to have him serve as the attorney for her estate, though she had seen fit to make a codicil naming an executor. The court went on to discuss the right of an executor to name the attorney who will represent him in the probate of the estate, and noted that previous Wisconsin decisions have stressed the importance of protecting that right because of the nature of the relationship between an executor and his attorney. It found that even if a showing of "good cause" was required of the executor

to have a substitution, such a showing had been made here because of the feelings of the legatees; and because of the "constant friction, disagreements and bickering" that would result if the executor's petition for a substitution of attorneys were not granted.

Appellant argues that the only reason the executor sought a substitution of attorneys was because the legatees requested that he do so, particularly Mr. Learned who was upset over the fact that under the provisions of the will his former wife, Sarah Lee Learned, was to receive a diamond ring which had belonged to Mrs. Ainsworth. He contends that the executor's showing that he sought the substitution primarily because of the wishes of the legatees does not constitute a showing of good cause, and therefore the executor's petition should not have been granted.

In support of his position that the executor has not shown "good cause" appellant relies on several cases which have construed the phrase "unless good cause be shown" as it is in sec. 310.25, Stats. That section provides in part:

"Whenever a firm or corporation of any kind is named as administrator or executor of an estate, he or she who is nearest of kin and who receives any interest in the estate, and if there be no bequest of any kind, then the party receiving the largest amount or interest from the estate, shall name the attorney who shall represent the estate in all proceedings of any kind or nature, unless good cause be shown before the court why this should not be done. . . ."

Appellant cites *Estate of Ogg* (1952), 262 Wis. 181, 54 N. W. 2d 175, and *Estate of Thayer* (1968), 41 Wis. 2d 55, 163 N. W. 2d 142. In these cases the question of a showing of good cause involved good cause to disregard the express intent of the testator. That is not the situation presented in the instant case.

The parties agree that sec. 310.25, Stats., is not applicable in the instant case,. and the language of the section itself, as well as the previous decisions of this court, show that position to be correct. In *Estate of Arneberg* (1924), 184 Wis. 570, 200 N. W. 557, this court discussed the scope of sec. 3808a, Stats. 1913, a predecessor of sec. 310.25, and stated, at page 576:

". . . A careful reading of this statute, however, discloses that it is made applicable only when firms or corporations are named as administrator or executor of an estate. This clearly is a modification of the general rule under which a personal representative is authorized to employ his own attorney; but the very fact that the legislature has seen fit to limit the section, where the executor or administrator is a firm or a corporation, merely emphasizes the right of all other executors and administrators to select their own legal aid. In the instant case the personal representative was an individual and therefore such statute does not apply. . . ."

While he admits that sec. 310.25, Stats., is in no way applicable to the factual situation presented in the instant case, appellant argues that the definition of "good cause" established by the above cases which have construed that section should also be the definition of "good cause" as the term is used in sec. 324.29 (3) regarding the substitution of attorneys. Based upon this argument, he concludes that the executor here would have to show either that appellant is incompetent to perform the duties required of an attorney for the estate or that it would be detrimental to the interests of the estate if he were to continue as attorney.

This argument of appellant's ignores the specific purposes of sec. 310.25, Stats., as analyzed in an article at 31 Marq. L. Rev. (1947), 231, 236, cited by this court with approval in the above-cited cases. That article pointed out that this statute is "for the protection of the interests of the heirs, and to prevent a monopoly of

the probate business by counsel appointed by such [corporate] executors." The showing of good cause specified in the section refers to a showing why the statutory right granted to the next of kin by the section should be denied them in certain circumstances. Since such a showing may deprive them of a statutory right, a stringent and narrow definition must be given to the term "good cause" before it can be allowed to defeat that right.

The situation is far different in the instant case where the executor is not a corporate executor, but rather an individual. In situations where sec. 310.25, Stats., is inapplicable, this court has consistently stressed that the right to select the attorney belongs to the executor. Thus, it has adopted the majority rule [1] that the executor's right to select an attorney of his own choice is greater than that of the testator, so that though the testator appoints an executor and names an attorney to represent the executor and the estate in his will, the executor may employ an attorney other than the one named in the will,[2] while still adhering to the view that the right to make a will and have its terms executed is an inherent right guaranteed by the constitution which the courts and the parties are powerless to take away.[3]

The executor's right to select an attorney of his choice, coupled with the personal nature of the contract for legal services, lead to the conclusion that the relationship between the executor and the attorney is essentially the same as that between any client and his attorney.

Ordinarily a client has the right to make a change or substitution of attorneys at any stage of the proceedings unless the attorney has an interest in the subject matter of the suit, or it would unduly prejudice the other

[1] *See: Annot.* 166 A. L. R. 491 (1947).

[2] *Estate of Sieben* (1964), 24 Wis. 2d 166, 128 N, W. 2d 443.

[3] *Estate of Ogg, supra; Will of Rice* (1912), 150 Wis. 401, 136 N. W. 956, 137 N. W. 778.

party or interfere with the administration of justice. 7 C. J. S., *Attorney and Client,* p. 950, sec. 119; 7 Am. Jur. 2d, *Attorneys at Law,* p. 135, sec. 148. The power of a client to substitute attorneys is necessarily included in his power to discharge his attorney. Sec. 256.27 (3), Stats., dealing with appearances by attorneys generally, provides that where the attorney does not consent to a substitution, it may not be ordered unless "cause" is shown. Sec. 324.29 (3), dealing with appearances by attorneys in the county court in particular, provides that where the attorney does not consent to the substitution it may be done for "good cause" shown. We find no cases nor are any cited which have interpreted these provisions or defined the terms "cause" and "good cause." We note that sec. 879.17, effective April 1, 1971, replaces sec. 324.29 (3) and provides:

"The attorney who first appears for any party or person interested shall be recognized as his attorney throughout the matter or proceeding unless another attorney is substituted under s. 256.27 (3)."

This new section is based upon the present sec. 324.29 (3), Stats., but now requires the use of sec. 256.27 (3), procedure for the substitution of attorneys. This indicates that no different showing of cause is required in either situation. Under the circumstances in the instant case, we think the showing that was made by the executor was sufficient to justify the substitution of attorneys.

Appellant argues that the executor, Mr. Tonjes, specifically employed him to assist in probating Mrs. Ainsworth's estate. But from the testimony adduced, the trial court concluded that appellant "was the moving party in initiating the court procedures to date." Mr. Tonjes testified that appellant never asked if he wanted him to act as attorney, but simply advised him that they should get started and have him (Mr. Tonjes) appointed

as special administrator, because there was rental property involved and there were no relatives who could care for decedent's property. Therefore, were it not for the fact that appellant had become the attorney of record pursuant to the provisions of sec. 324.29 (3), Stats., it is questionable whether there ever was any intent to retain appellant as attorney for the estate or whether he simply acted on his own. Certainly Mr. Tonjes was not afforded an opportunity to consult the legatees or to exercise a right of choice in selecting counsel.

Friction and disagreements between the beneficiaries and the attorney may well hamper or delay the probate procedure, resulting in depletion of assets or increased expenses. If the executor believes that this is a possibility which may be avoided by a substitution of attorneys, this alone would constitute a showing of good cause. An additional factor which is relevant here is the stage in the proceedings at which the executor sought the substitution. The proceedings have not progressed beyond the initial steps of preparing the papers to begin probating the estate, and this was done more on the decision of the appellant rather than the executor. Were the proceedings nearing completion, or had the executor affirmatively sought to employ appellant, the situation might be different.

We conclude that the county court did not abuse its discretion in granting the special administrator's petition for a substitution of attorneys.

*By the Court.*—Order affirmed.

The following memorandum opinion was filed September 15, 1971.

PER CURIAM (on motion for rehearing). A. D. Sutherland in his brief on rehearing raises two points: (1) The opinion reflects upon his professional conduct, and (2) the court is in error in its reasoning because sec. 324.29

(3), Stats., does not give discretionary power to the trial court to discharge an attorney but rather requires good cause to be shown.

This court did not intend to imply in its opinion and no inference should be drawn therefrom that Mr. Sutherland did anything unprofessional or that his conduct was unusual in commencing the probate proceedings involving the will of a client of many years. It is quite true sec. 324.29 (3), Stats., does not grant discretionary power to a court to remove counsel and the language in the opinion of this court that "the county court did not abuse its discretion in granting the special administrator's petition" was used inadvertently. The opinion is quite clear, however, that this court thought the showing made by the special administrator was sufficient to justify his substitution of attorney and consequently it was not error for the trial court to grant the petition.

Carl Tonjes, the special administrator, in his affidavit for an order to show cause why Weinke & Weinke should not be substituted as counsel of record in place of A. D. Sutherland states that the residuary beneficiaries named in the will informed him they preferred not to have Mr. Sutherland act as attorney in the probate of the estate and that he "wishes to accede to the request of the residuary beneficiaries." Mr. Sutherland refused to recognize the termination of his services and to sign a voluntary substitution of attorney, which made it necessary for Mr. Tonjes to seek relief under sec. 324.29 (3), Stats.

Motion for rehearing denied.

CONNOR T. HANSEN, J. (*concurring*). I concur with the per curiam opinion on rehearing as to the second issue considered therein. In my opinion, the first point considered is not an issue in the case.

I am authorized to state that Mr. Justice ROBERT W. HANSEN joins in this concurring opinion.