IN RE the ESTATE OF Dave DEVROY, Deceased:
Todd J. SCHMELING, Appellant,

**v.**

Raymond DEVROY, Respondent.

Supreme Court

*No. 81–1460. Argued October 5, 1982.—Decided November 2, 1982.*

(Also reported in 325 N.W.2d 345.)

For the appellant there were briefs by *Sharren B. Rose* and *Schmeling, Muraski & Wheeler,* Green Bay, and oral argument by *Sharren B. Rose.*

For the respondent there was a brief by *Clarence J. Dorschel, William M. Atkinson* and *Mark A. Warpinski,* Green Bay, and oral argument by *Mr. Atkinson.*

DAY, J. This appeal was accepted on certification from the court of appeals.[1] The appeal is from a declaratory judgment of the Circuit Court for Brown County, Honorable Richard G. Greenwood, Judge, which held that Mr. Raymond Devroy, the nominated personal representative in the will of Mr. Dave Devroy, was not required to retain appellant, Todd J. Schmeling as attorney for the estate in spite of an express provision in the will that he do so.

The sole issue raised on appeal is whether a condition in a will providing that the designated personal representative may serve as such only if he retains, for purposes of probating the estate, the attorney who drafted the will is void as against public policy. We conclude that under the facts of this case the provision is not against public policy and is enforceable. We reverse the decision of the trial court.

Mr. Dave Devroy died testate on January 19, 1981. His will dated November 7, 1979, was drafted by attorney Todd Schmeling. Article XI of the will provided:

## "ARTICLE XI

I hereby nominate Ray Devroy as Personal Representative of this Will, on the condition that he retains Todd J. Schmeling, if living and willing to so act, as the attorney for the performance of all legal services required in the probate of my estate and in the fulfillment of the terms of this Will. If for any reason Ray Devroy is unwilling or unable to act as my Personal Representative, then I nominate James Devroy as Personal Representative of this Will, on the condition that he retains Todd J. Schmeling, if living and willing so to act, as the

---

[1] Section 808.05, Stats. 1979–80; 809.61 (Rule) 1979–80.

attorney for the performance of all legal services required in the probate of my estate and in the fulfillment of the terms of this Will. If for any reason both Ray Devroy and James Devroy are unable or unwilling to act as my Personal Representative, I request that the Circuit Court appoint a personal representative who will retain Todd J. Schmeling as such attorney. This preferential designation of Todd J. Schmeling as the attorney to probate my estate is made as an expression of my intent and desire as to the manner in which I wish my affairs to be settled, and without any solicitation, suggestion or influence on the part of Todd J. Schmeling whatsoever. Todd J. Schmeling has represented and advised me during several years preceding the execution of this Will, has an intimate knowledge of my business affairs and property, and knows my views and wishes respecting many matters that may arise in the probate of this instrument. Should either Ray Devroy or James Devroy act as my Personal Representative, I request that he not be required to furnish a bond."

On January 30, 1981, Raymond Devroy petitioned the Circuit Court for Brown County for the probate of the will. Because he did not wish to retain Mr. Schmeling as attorney for the estate, Mr. Devroy petitioned the court for a Declaratory Judgment determining his rights and responsibilities under Article XI of the will. The matter was removed from the probate branch of the circuit court as the result of a judge substitution request filed by Mr. Devroy and was heard before Judge Greenwood.

On July 16, 1981, the court filed its decision on the petition for Declaratory Judgment. Although finding "absolutely no unethical practice on the part of [attorney Schmeling] in this case. . . . ,"[2] the trial court determined that the clause in question was void on grounds of public policy. From the judgment declaring Article

[2] Decision on Motion for Declaratory Judgment, page 8, Case No. 81 PR 68, Brown County Circuit Court, Branch I.

XI of the will invalid to the extent it required the hiring of attorney Schmeling, attorney Schmeling appealed.

Wisconsin is unique among the states in holding that the right to make a will and have its provisions enforced is constitutionally guaranteed.[3] In order to give effect to this right this court has on numerous occasions stressed that it is the intent of the testator which governs in construing will provisions.[4] This court has also stated repeatedly that "Anything designed to defeat the intent of the testator is against public policy." *Ogg,* 262 Wis. at 192, citing *Will of Risher,* 227 Wis. 104, 111, 277 N.W. 160 (1938). Thus, in determining the enforceability of Article XI of the will of Dave Devroy, we must give great weight to the intent of Dave Devroy as expressed in the provision of his will in question.

In previous cases where this court has considered the enforceability of a will provision directing that a named attorney be employed by the personal representative, the will itself did not state what the testator's intent would be if the personal representative refused to work with the named attorney. *Estate of Braasch,* 274 Wis. 569, 80 N.W.2d 759 (1957) ; *Estate of Sieben,* 24 Wis. 2d 166, 128 N.W.2d 443 (1964). In *Braasch,* the court was required to determine what the testatrix's intent would have been had she considered the possibility that the personal representative named in her will would refuse to work with the attorney she wished him to employ to probate her estate. Because the testatrix expressed no reasons for the selection of counsel[5] and because the

---

[3] *Estate of Ogg,* 262 Wis. 181, 191, 54 N.W.2d 175 (1952).

[4] *In re Estate of Haese,* 80 Wis. 2d 285, 293, 259 N.W.2d 54 (1977) ; *In re Estate of Ganser,* 79 Wis. 2d 180, 186, 255 N.W.2d 483 (1977) ; *Estate of Farber,* 57 Wis. 2d 363, 368, 204 N.W.2d 478 (1973) ; *In re Bowler Trust,* 56 Wis. 2d 171, 176, 201 N.W.2d 573 (1972).

[5] *Braasch,* 274 Wis. at 571.

court viewed the function of the executor as one of "great importance," the court determined that the intent expressed in the will was that the executor serve even though unwilling to retain the named attorney. *Braasch*, 274 Wis. at 573.

Similarly, in *Sieben,* although the will stated that the executor should employ one of the two named attorneys because of "their complete familiarity with my estate and financial affairs. . . ,"[6] the court found that the will did not indicate a preference as to which person should be employed by the estate should the personal representative be unwilling to retain the services of either of the named attorneys. Because there was no clear statement as to the testator's intent, the court found the holding in *Braasch* controlled the case and the executor was not required to employ either of the named attorneys. However, the court expressly limited its holding to cases where there is an ". . . absence of a statement of intent in the will that a named attorney be employed by the personal representative even at the cost of the resignation of the personal representative, . . ." *Sieben,* 24 Wis. 2d at 170.

In the present case we have such a statement. Article XI of the will of Dave Devroy is clear in expressing the testator's preference that attorney Schmeling be employed rather than either of the named personal representatives should the personal representatives not retain attorney Schmeling. Not only did the testator make explicit his preference for attorney Schmeling but he also provided a mechanism whereby an alternate personal representative would be chosen if neither of the named personal representatives was willing to retain attorney Schmeling. Where the language of the challenged will provision explicitly expresses the testator's intent that

---

[6] *Sieben,* 24 Wis. 2d at 167.

an attorney be retained even at the cost of the nominated personal representative not being employed, this court will give effect to that which the testator intended absent some overriding public policy reason to the contrary.[7]

The respondent, Mr. Devroy, argues that the *Estate of Ainsworth,* 52 Wis. 2d 152, 187 N.W.2d 828 (1971), upholds the position of the trial court. However, *Ainsworth* is distinguishable from the instant case. *Ainsworth* involved a situation where the testatrix made no provision in her will with respect to nominating an attorney to be retained by the personal representative. The court in dicta stated that it had previously adopted the rule that ". . . the executor's right to select an attorney of his own choice is greater than that of the testator." 52 Wis. 2d at 159. The court said it was relying upon *Estate of Sieben* for this proposition. However, this was not an issue in *Sieben.* The precise issue in *Sieben* was whether the testator, had the choice been put to him, would have preferred that his estate retain the named personal representative or the named attorney when it was obvious that they would not work together. The executor's wishes prevailed only because the testator's intent was not clearly set out in the will. *Sieben,* 24 Wis. 2d at 170. Thus, to the extent the language in *Ainsworth* purports to rely upon this court's holding in *Sieben,* the language is inapplicable to this case and must be limited to situations where the will does not clearly express the intent of the testator.

We agree with the observation this court made in *Ainsworth* that "the relationship between the executor and his attorney is essentially the same as that between any client and his attorney." *Ainsworth,* 52 Wis. 2d at 159. The testator in this case provided a mechanism whereby an executor would be appointed who could work

[7] *In re Keenan's Will,* 188 Wis. 163, 179, 205 N.W. 1001 (1925).

with the attorney whom the testator wished to have probate his estate. Thus, our decision here does not force an attorney on an unwilling client.

In his decision the trial judge said "better jurisprudence dictates that rational principles of public policy supercede that of the testator's intent."[8] But public policy is not balanced against the testator's intent. Rather, competing policies—one protecting the constitutional right to make a will and have its provisions enforced and the others discouraging client solicitation and protecting the right of a client, in this case the designated personal representative, to select an attorney—must be balanced to yield a result that best carries out the purposes behind each policy.

The fact that Dave Devroy provided a mechanism in his will which guaranteed that the attorney he selected to probate his estate would not be forced on an unwilling personal representative disposes of that public policy problem.

There is no public policy that requires that a testator place his personal representative's preferences above his own when attorney selection is the issue. A testator may very well conclude that selection of the attorney is more important to him than who serves as the personal representative. The fact is that testators frequently choose relatives or friends for the position as a token of honor or esteem even though they may have little qualifying experience. The testator knows the attorney will see to it that the job is properly carried out.

A provision which directs that nomination of a personal representative is conditioned on the willingness of that person to retain a specific attorney may arouse suspicion that the named attorney improperly solicited the business. Such a suspicion will often be unfounded. A testator may well believe it important that the attor-

---

[8] *See* note 2, at 8.

ney who handled his personal and business affairs during his lifetime also be the one who provides legal services to his estate.

In *State v. Gulbankian,* 54 Wis. 2d 605, 196 N.W.2d 733 (1972), this court gave careful consideration to the ethical considerations which arise when an attorney includes in a will a provision which directs that he be employed by the estate to probate the will. The court noted that it was both attorney solicitation of work *and* the appearance of solicitation which were to be avoided. *Gulbankian,* 54 Wis. 2d at 612. This court found that no solicitation existed ". . . in those fairly rare cases where a client, because of the unusual familiarity of the attorney with the testator's business or family problems or because of a relationship which transcends the ordinary client-attorney relationship, . . . provide[s] for his employment to probate the estate. . . ." *Gulbankian,* 54 Wis. 2d at 610. In the present case, the will states no solicitation occurred. It also outlines the reasons Dave Devroy had for choosing attorney Schmeling. Further, it should be noted that the trial judge found that attorney Schmeling had engaged in no unethical practices. These reasons are sufficient to convince this court that no solicitation occurred.

In order to avoid the appearance of solicitation, the court in *Gulbankian* laid down a second condition. The court wrote that the appearance of solicitation could be avoided only where the attorney had a small number of these provisions in the wills he drafts. *Gulbankian,* 54 Wis. 2d at 612. In the instant case, the record discloses that this is the first will provision of its kind ever drafted by attorney Schmeling or any other attorney in his law firm. It is evident to this court that Mr. Schmeling has avoided even the appearance of solicitation. To require more of any attorney or firm would have the ef-

fect of saying that an attorney could under no circumstances draft a will provision which designated his employment by the testator's estate. This court has stated this is a result it will not reach. In *Gulbankian*, the court wrote that it was not holding ". . . that a lawyer may not draft a will in which he is designated as an executor or contains a direction to the executor to employ him in suggestive or even the mandatory language required by the *Estate of Sieben*, . . ." 54 Wis. 2d at 612. This is exactly the language that is at issue in this case. Where it is clear that an attorney has met the standards set out in *Gulbankian*, a will provision such as the one at issue here may be drafted in a manner that is consistent with the public policy of this state. We find no public policy which requires that the will provision in this case be declared void.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

STEINMETZ, J. *(dissenting)*. I do not believe, as does the majority, that the safeguards written into this will sufficiently protect the concern for the appearance of propriety and against the fear of solicitation.

The statements in this will referring to the attorney's unique ability in probating it and protecting the testator's wishes are:

(1) "This preferential designation of Todd J. Schmeling as the attorney to probate my estate is made as an expression of my intent and desire as to the manner in which I wish my affairs to be settled, and without any solicitation, suggestion or influence on the part of Todd J. Schmeling whatsoever."

(2) "Todd J. Schmeling has represented and advised me during several years preceding the execution of this Will."

(3) "[Todd J. Schmeling] has an intimate knowledge of my affairs and property."

(4) "[A]nd he knows my views and wishes respecting many matters that may arise in the probate of this instrument."

In *Estate of Sieben,* 24 Wis. 2d 166, 128 N.W.2d 443 (1964), the court stated that where there was an adequate expression of an intention that the named attorney be retained, the designation would be upheld. The expression in the instant case is nothing more than a recitation of the usual and normal relationship between a client and attorney, where that relationship has been of a general rather than specific type and has existed for any period of time.

In *State v. Gulbankian,* 54 Wis. 2d 605, 196 N.W.2d 733 (1972), this court expressed its disapproval of attorneys who thought that because they drafted the will, they were entitled to a preferential claim to probate the estate. The court, therein, disapproved the practice of "safekeeping" of wills by attorneys. To say that in this will there was no suggestion directly or indirectly of solicitation does not strongly protect the interest of propriety previously demanded by this court.

The personal representative named in a will cannot be said to have less interest in fulfilling the testator's wishes than a named attorney. If the will provisions are clearly stated, there can be little doubt the probate court will see to the fulfillment of the testator's stated wishes. That is the court's duty.

This is not the will nor are the special conditions of attorney-client relationship sufficiently stated to make an exception to the *Gulbankian* rule. The fact that there is no other example of the attorney having included such a provision in other wills drafted by him or his firm is only another element to consider and is not by itself persuasive.

I would dissent and affirm the trial court.