PEDRICK, Appellant, vs. FIRST NATIONAL BANK OF RIPON, Respondent.

*September 8—October 5, 1954.*

The cause was submitted for the appellant on the briefs of *S. M. Pedrick* of Ripon, *in pro. per.,* and for the respondent on the brief of *Nesbitt & Kay* of Ripon.

BROWN, J.   The demurrer admits the material allegations of the amended complaint.

The bank submits that the amended complaint is defective because it does not plead acceptance of its offer by the plaintiff or that there was consideration for its promise of employment.  Plaintiff's performance of the act which defendant had solicited, as alleged in his amended complaint, was both in consideration of the offer and an acceptance of it.  "Where A promises B to pay him a sum of money if he will do a particular act and in consideration thereof, and B does that act, the promise thereupon becomes binding, although B at the time of the promise does not engage to do the act."  12 Am. Jur., Contracts, p. 573, sec. 79.  Except for other considerations to be discussed later we do not doubt that a contract which bound the bank to employ plaintiff came into existence upon the execution of the will, contingent only upon the death of Rimpler without having revoked the will.

But we consider that the presence of sec. 310.25, Stats., establishes such a contract as one which is contrary to public policy.  The material part of that statute directs that when a corporation is named as executor of an estate the nearest of kin who receives any interest in the estate or the party receiving the largest amount from the estate shall name the

attorney who shall represent the estate in all proceedings, unless good cause is shown why this should not be done. The complaint charges that the corporation agreed to employ him to conduct the probate of the estate. The statute takes the power to make such an appointment away from the corporate executor or administrator and lodges it elsewhere. "An agreement is against public policy if it . . . violates some public statute, . . ." 12 Am. Jur., Contracts, p. 663, sec. 167. ". . . courts of justice will not recognize or uphold any transaction which, in its object, operation, or tendency, is calculated to be prejudicial to the public welfare, to sound morality, or to civic honesty. *The test is whether the parties have stipulated for something inhibited by the law* or inimical to, or inconsistent with, the public welfare." Id., pp. 662, 663. (Italics ours.) Unquestionably, according to the complaint the parties here stipulated for something inhibited by the law, namely, the appointment by a corporate executor of the attorney for the estate. Agreements against public policy or prohibited by public law ". . . cannot be enforced by one party against the other, either directly by asking the court to carry them into effect or indirectly by claiming damages or compensation for breach of them." 12 Am. Jur., Contracts, p. 715, sec. 209.

Plaintiff seeks to avoid the effect of the statute by asserting that it is unconstitutional because it denies equality before the law, as guaranteed by sec. 1, art. I, Wis. Const., and the Fourteenth amendment, U. S. Const. Obviously, the statute gives different powers to, and imposes different restrictions on different executors depending on whether they are individuals or corporations, although their duties in other respects concerning the administration of estates are identical. The question is whether the separate classification is based upon a substantial distinction between them. In *Phipps v. Wisconsin Central R. Co.* (1907), 133 Wis. 153, 113 N. W. 456, the statute which subjected the corporation to the dis-

covery examination of its former employees but relieved individual employers from this burden was held void because the court could not discover a substantial distinction between them in pursuing their remedies in court.

Individuals, who exist in great numbers, do not singly seek or control any substantial volume of executor or administratorships, whereas the comparatively few legally eligible corporations do solicit and obtain a large volume of this business. Unless otherwise restrained, this tends to create in such corporations a monopoly of the appointments of attorneys to handle such work. See *Estate of Ogg* (1952), 262 Wis. 181, 54 N. W. (2d) 175. No such concentration of the power of appointing attorneys is present when wills nominate individual executors. On the contrary, the power is then dispersed. If the legislature, as it evidently did, considered such a concentration to be contrary to public policy, it could properly observe that the concentration existed only when corporations were the fiduciaries and, therefore, it could treat corporations as a class and enact legislation applicable to them while ignoring that portion of fiduciaries which experience showed did not tend to promote monopoly. We conclude that the separate classification rests on a substantial difference in the practice of corporations on the one hand and individuals on the other, and, such substantial difference being present, the classification is not unreasonable or void for an illegal discrimination. Thus, there is no denial of equality or equal protection of the laws since the two sets of executors fall into substantially different classes.

Plaintiff submits that there is a further unlawful discrimination between persons between whom there is no substantial difference. Thus, he says, an heir of a testator who has appointed a corporate executor has the right to select an attorney of his own choice to conduct the probate, while an heir whose testator has named an individual executor has no such

right. This is a feature which does not affect the plaintiff who is not a beneficiary under any will. He is not so discriminated against and therefore cannot challenge the law. *Appeal of Van Dyke* (1935), 217 Wis. 528, 546, 547, 259 N. W. 700. A person may challenge ". . . the constitutionality of a statute only when and so far as it is being or is about to be applied to his disadvantage; . . ." 16 C. J. S., Constitutional Law, p. 162, sec. 76.

We conclude that sec. 310.25, Stats., successfully resists the attacks made here on its constitutionality.

Some doubt was expressed concerning the jurisdiction of the municipal court to entertain this action and there was a suggestion that it should have been brought in the county court in probate. The action is one for breach of contract and as such was properly brought in a court of general jurisdiction.

Finally, Mr. Pedrick asserts that the court erred in allowing costs against him absolutely and not as a condition of pleading over. Sec. 271.036, Stats., puts the question of costs within the court's discretion in matters such as this. An ordinary order sustaining a demurrer would not carry costs with it except as a condition of pleading over but this order went further and dismissed the action. If that portion of the order was valid costs would follow, as a matter of course, against the losing party upon a final determination of the action. Where it appears that a sufficient complaint cannot be framed, the court in its discretion may deny plaintiff opportunity to plead over. "A court, after the decision of a demurrer in the exercise of its discretion in a proper case may refuse to countenance further proceedings on the part of a defeated pleader." *Chris Schroeder & Sons Co. v. Lincoln County* (1943), 244 Wis. 178, 182, 11 N. W. (2d) 665. This appears to us to be a proper case and we conclude that there was no abuse of discretion by the trial court in

sustaining the demurrer to the amended complaint without extending further options to the plaintiff and in dismissing his action with costs.

*By the Court.*—Order affirmed.