RYAN, Appellant, vs. SCHMIT and others, Respondents.

*May 9—June 4, 1957.*

216

For the appellant there was a brief by *Van Susteren & Bollenbeck* of Appleton, and oral argument by *Edward R. Bollenbeck*.

For the respondent St. Joseph Cemetery there was a brief and oral argument by *William J. Geenen* of Appleton.

For the respondents other than St. Joseph Cemetery there was a brief and oral argument by *Edgar E. Becker* of Appleton.

FAIRCHILD, J. From the photostat of the Cemetery's record, we could speculate that the excuse allegedly given by the Cemetery and relayed to plaintiff by the Funeral Home, namely that grave No. 1 was already occupied, is true and would defeat plaintiff on the merits even if we follow his theory of the law.

The parties have not stipulated, however, that the photostat may be considered and it is not properly before us. The question here, as in the circuit court, is the sufficiency of the complaint, under familiar rules.

It is undisputed that Mrs. Ryan was a co-owner of the family lot and was entitled to burial within it. Her surviving husband, the plaintiff, had the right to determine whether she should be buried there or elsewhere. Did the plaintiff have a further right to designate the particular location, within the lot, for her grave?

Plaintiff contends for a rule that when several persons are entitled to burial in a lot containing several gravesites, each shall have his choice among the sites available at the time of his death. Plaintiff phrases his rule: "First dead, first choice." This rule is not contained in any statute. It is not alleged that any regulation of the Cemetery, any terms of its conveyance of the lot, nor any agreement among the owners so provides. Plaintiff has cited no case which applies such a rule.

We are of the opinion that when Mrs. Ryan died, her interest in the family lot descended to her heirs. Sec. 157.10, Stats. Her husband may be her heir, although the complaint does not so allege. After her death her heirs and her sisters

owned the lot as tenants in common, subject to the rights of the owners and members of their families to be buried therein as long as space remained available. Jackson, Law of Cadavers (2d ed.), p. 368. The general rule of tenancy in common is that no cotenant has a right to exclude other cotenants nor to appropriate to his sole use any particular portion of the property in which all have an undivided interest. 14 Am. Jur., Cotenancy, p. 95, sec. 24. With respect to cemetery lots, this rule is necessarily subject to the modification that when the lot becomes fully occupied, the remaining owners must be excluded. We conclude that decision as to the location of a particular grave rests with those who are living co-owners at the time. We are of the opinion that the only right of Mrs. Ryan which her husband could independently assert, in the absence of controlling statute, regulation, or agreement, was her right to be buried within the lot and that right has been accorded her.

We are mindful of the fact that co-owners may disagree as to who shall lie next to whom and that an unfortunate situation might arise where disagreement prevented burial within the family lot. If the court were then asked to intervene, it might resort to the rule urged by plaintiff, if no other basis for resolving the dispute appeared more equitable under all the circumstances. The right being vindicated by the court in such a case would be the right of burial on the family lot, rather than any right to a particular location. It should be noted that the action before us is one to effect disinterment, brought two years and ten months after the burial. A formula which might commend itself as an expedient means of resolving a dispute which obstructed rightful burial does not delineate a right which a court must vindicate by ordering disinterment and transfer to another site on the same lot.

The circuit court properly sustained the demurrer. Its order did not direct judgment for defendants nor allow costs.

Had it done so, it would have been sustained, for it appears that a sufficient complaint cannot be framed. *Pedrick v. First Nat. Bank of Ripon* (1954), 267 Wis. 436, 441, 66 N. W. (2d) 154. Had the order directed judgment, defendants could properly have entered judgment without further notice to plaintiff. Sec. 270.64, Stats. No such direction having been made, we conclude that orderly procedure required that notice be given of defendants' application for judgment. In any event, the disbursements should not have been taxed and allowed except upon notice to plaintiff. Sec. 271.10 (1). It is highly improbable that there would have been any different result even if plaintiff had had notice although conceivable that plaintiff might have persuaded the court to fix costs at something less than the maximum. We deem that justice will be done if the judgment is affirmed, but each party pays his own costs in this court.

*By the Court.*—Judgment affirmed; no party shall recover costs in this court; appellant shall pay the fees of the clerk.