Estate of Thayer: Thayer, Appellant, v. Rock County Savings & Trust Company, Executor, and others, Respondents.

*No. 54.  Argued November 25, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 142.)

56

58

For the appellant there were briefs by *Brown, Soffa & Scholl* of Whitewater, and oral argument by *Sam J. Soffa.*

For the respondent Rock County Savings & Trust Company there was a brief and oral argument by *Jacob Geffs* of Janesville.

HEFFERNAN, J.
Sec. 310.25, Stats., provides:

"Whenever a firm or corporation of any kind is named as administrator or executor of an estate, he or she who is nearest of kin and who receives any interest in the estate, and if there be no bequest of any kind, then the party receiving the largest amount or interest from the estate, shall name the attorney who shall represent the estate in all proceedings of any kind or nature, unless

good cause be shown before the court why this should not be done. . . ."

The appellant widow contends that under this statute she, as nearest of kin, can compel the corporate executor to employ a lawyer selected by her to handle the legal matters in connection with the probate of the will. We think not.

In the instant case the will clearly and unmistakably stated:

". . . that my executor and Trustee shall employ George S. Geffs or his associates in all legal matters pertaining to the administration of my said estate and trusts by me created herein."

In *Estate of Ogg* (1952), 262 Wis. 181, 191, 192, 54 N. W. 2d 175, the purpose of sec. 310.25, Stats., was discussed at length. We said:

"In other words, the statute was aimed to prevent the real, or fancied, evil of corporations acting as executors playing favorites in selecting counsel, thus tending to create a monopoly in probate business by such favorite counsel. It assuredly was not aimed at preventing a corporate executor from selecting as its counsel to probate an estate the attorney whom testator had requested in his will be so selected.

". . .

"Inasmuch as this court has held that the right of testator to dispose of his property as he sees fit is paramount to the right of the object of his bounty, such as his next of kin or legatee, it would appear to be an unreasonable limitation of this right of testator for the legislature to legislate that the right of a next of kin, named as legatee in a will, to select counsel for the executor, supersedes any testamentary direction of testator in such respect.

"In *Will of Risher* (1938), 227 Wis. 104, 111, 277 N. W. 160, this court stated:

" 'Anything designed to defeat the intent of the testator is against public policy.'

"For these reasons, we conclude that sec. 310.25, Stats., must be construed as having no application to a situation,

such as in the instant case, in which the testator, by his will, has designated the counsel for the executor, and the executor is willing to employ as counsel the attorney so designated by testator."

We consider the above language controlling. Here, without a doubt, George S. Geffs was the attorney selected by the testator and the executor was willing to so employ him.

The appellant attempts to distinguish *Estate of Ogg* from the case at bar by pointing out that in *Ogg* the court took note of testator's reasons for the direction that the designated attorney be employed:

". . . such reasons being that Mr. Biart had an intimate knowledge of testator's affairs, views, and wishes respecting many matters that might arise . . . ." (P. 188.)

In the instant case the will contains the bare recitation by the testator "that my executor . . . shall employ George S. Geffs or his associates in all legal matters . . . ." The failure of the testator to include in the will the recitation of qualifications found in *Ogg*, is however, insufficient to make that designation a nullity. This very point was raised in *Estate of Sieben* (1964), 24 Wis. 2d 166, 169, 128 N. W. 2d 443, wherein we said:

"In the absence of such a recitation it will be assumed that testator had some legitimate reason which prompted him in requesting that a particular attorney be employed by the executor."

The record here makes it evident that George S. Geffs had done little legal work for the deceased, while there is evidence that Sam J. Soffa had been regularly retained by Thayer for a period of several years, at least since 1961. The drafting of the will by Geffs was characterized in the briefs as a "one-shot" proposition.

There may well have been reason for the deceased to have selected Soffa rather than Geffs, but it is not within the province of this court, the executor, or nearest of kin to second guess the predilection of the testator. It is his will or intent that must control.

Nonetheless, this court has pointed out exceptions to this holding. In *Ogg,* we stated that the objections of the nearest of kin,

". . . would be immaterial unless good cause could be shown by her why it would be *inimical to the interests of the estate* that Mr. Biart be employed as counsel . . . ." (Emphasis supplied.) (P. 188.)

Here, while there was evidence that Attorney Soffa had extensive familiarity with the property and the affairs of the decedent, and that the employment of Attorney Geffs would require some duplication of effort, there was no finding by the court that the appointment of Attorney Geffs would be inimical to the interests of the estate.

We have also pointed out in *Estate of Braasch* (1957), 274 Wis. 569, 80 N. W. 2d 759, that the designated attorney would not be employed where the named executor refused to retain the attorney named in the will. We said therein:

"We are mindful of the extent to which this court has gone in giving effect to the intent of the testator. Nevertheless where a testator has named an executor and has directed him to retain a particular attorney, that intent or wish is necessarily thwarted to some degree if either one of them is unwilling to act with the other. Thus our problem is to determine what the intent is in the situation which has arisen." (P. 572.)

In *Braasch* it was determined that the intent expressed in the will could best be carried out by permitting the named executor to serve even though he refused to employ the named attorney.

The holding of *Braasch,* though urged by the appellant to be significant, is of no relevance in the instant case, for the executor has expressed his willingness to hire Attorney Geffs despite the protests of the nearest of kin. *Braasch,* as well as the subsequent *Estate of Sieben* (1964), 24 Wis. 2d 166, 128 N. W. 2d 443, stand for the proposition that:

"In the absence of a statement of intent in the will that a named attorney be employed by the personal representative even at the cost of the resignation of the personal representative, an executor is not required to employ an attorney in opposition to the executor's own wishes." (P. 170.)

Such opposition by the executor is lacking herein. As in *Ogg* only the nearest of kin opposes the employment of the named attorney. As in *Ogg* the intent of the testator as expressed in the will must control.

The appellant also argues that the hiring of George S. Geffs by the Rock County Savings & Trust Company violates sec. 310.25, Stats., for the reason that Attorney Geffs is a director of the trust company. We see no such prohibition in the statute. In *Estate of Ogg, supra,* page 191, we quoted the analysis of the purposes of sec. 310.25 as stated in 31 Marq. L. Rev. 231. That article pointed out that the statute was "for the protection of the interests of the heirs, and to prevent a monopoly of the probate business by counsel appointed by such [corporate] executors." However, there is no intimation, even by the appellant, that the choice of George S. Geffs was not the choice of Mr. Thayer. What sec. 310.25 provides is that the choice of the corporate executor not prevail over the opposition of the nearest of kin when the testator has himself expressed no choice of attorney. In the instant case the corporate executor has not selected an attorney whom it wishes to favor. The selection was by the testator.

While this court is not blind to the possibility that an attorney may urge the selection of a corporate executor, who will be likely to reciprocate by employing him as the attorney, no problem is created when, as here, the choice of both executor and the attorney are the free choice of the testator.

In *Pedrick v. First Nat. Bank of Ripon* (1954), 267 Wis. 436, 66 N. W. 2d 154, the appellant claimed that he had a contract with the bank to employ him as attorney in every estate wherein the will as drawn by Pedrick named the bank as executor. This court held that such contract was void as being contrary to public policy as expressed in sec. 310.25, Stats. While appellant urges the applicability of *Pedrick* here, *Pedrick* simply does not deal with the situation in which the testator directs the named executor to employ a named attorney. If an abuse exists under present practices, existing legislation is not applicable to such abuse. Nor, of course, has there been any showing of any overreaching or conduct contrary to public policy in the instant case.

Nor do we find that George S. Geffs, because he was a witness to the will, is foreclosed from acting as attorney for the executor. Sec. 238.08, Stats., provides:

"**Witnesses to will not to take under it.** All beneficial devises, legacies and gifts whatsoever, made or given in any will to a subscribing witness thereto, or to the husband or wife of a subscribing witness thereto, shall be wholly void unless there be two other competent subscribing witnesses to the same; but a mere charge on the lands of the devisor for the payment of debts shall not prevent his creditors from being competent witnesses to his will."

While in *Ogg, supra,* page 192, we concluded that the attorney named in the will, but not retained by the executor, was a " 'person aggrieved' by the orders appealed from within the meaning of sec. 324.01, Stats.," we cannot equate the naming of an attorney to probate a will to constitute or be encompassed within the terms,

"beneficial devises, legacies and gifts." At most it constitutes a direction to hire on the basis of recognized fee schedules of the locality. It cannot be presumed that the retainer is a windfall. Rather, it presupposes that compensation will be made only on the basis of the value of services rendered. In any event probate fees are subject to the scrutiny and approval of the county court, which is charged with the duty of permitting only reasonable fees. We see no reason to conclude that the benefit accruing to the lawyer who witnesses a will naming him as attorney for the executor is of such a nature as to preclude him from acting under sec. 238.08.

We conclude that the trial court properly authorized the executor to employ Attorney Geffs as counsel.

*By the Court.*—Order affirmed.