ESTATE OF BEHR: BEHR, Appellant, v. FIRST NATIONAL
BANK OF WAUKESHA, Respondent.

*No. 212. Argued February 7, 1969.—Decided March 7, 1969.*
(Also reported in 165 N. W. 2d 394.)

For the appellant there were briefs and oral argument by *A. E. Simonson* of Madison.

For the respondent there was a brief by *Johnson & Brendemuehl* of Oconomowoc, and oral argument by *Curtis A. Brendemuehl.*

WILKIE, J. The sole issue presented on this appeal is whether good cause has been shown why the attorney named by the next of kin, pursuant to sec. 310.25, Stats., should not be appointed.

That section provides:

"Whenever a firm or corporation of any kind is named as administrator or executor of an estate, *he or she who is nearest of kin and who receives any interest in the estate,* and if there be no bequest of any kind, then the party receiving the largest amount or interest from the estate, shall name the attorney who shall represent the estate in all proceedings of any kind or nature, *unless good cause be shown before the court why this should not be done.* In case of equal division in number of kin or persons having the largest and similar interest, then

said executor or administrator shall select one of those named; otherwise, the majority shall govern. In case of infants; people insane or otherwise incapacitated, the natural guardian shall act in behalf of the infant; and in case of no natural guardian the guardian created by the court shall govern the selection." (Emphasis added.)

Both parties concede that under this statute, Erhard H. Behr, as next of kin of the deceased, Henry J. Behr, may name the attorney to represent the estate unless "good cause be shown . . . why this should not be done." Thus, the narrow question presented is whether such good cause is shown by the bank's refusal to act as executor unless it can employ the attorney who brought the account to the bank. At the hearing on the next of kin's petition to appoint his selected counsel, no claim was made by the corporate executor that the attorney named by the next of kin was incompetent to handle the legal details connected with the probate of the estate.

In addition to appointing the First National Bank of Waukesha as executor, the will provided, in part, as follows:

"My executor and trustee shall, in addition to other powers and discretions which may be necessary or appropriate for proper administration, have the following rights, powers and discretions, without obtaining Court permission or approval:
". . .
"(m) To employ and compensate council [sic] and other person deemed necessary for proper administration and to delegate authority when such delegation is advantageous to said estate."

In *Estate of Ogg*,[1] this court held that sec. 310.25, Stats., had no application where the testator in his will had named the attorney to represent the corporate execu-

---

[1] (1952), 262 Wis. 181, 54 N. W. 2d 175.

tor and such corporate executor was willing to abide thereby.

". . . Public policy would clearly seem to require that the expressed views of testator, based on the sound reasons he advanced in his will for naming Mr. Biart as counsel who was to assist the administrator with the will annexed in the administration of the estate, should take precedence over the contrary wishes of his sister as next of kin, in the absence of any showing of good cause for disregarding testator's request." [2]

But in the present case no attorney is named in the will. The will, however, gives the corporate executor power to "employ and compensate council [sic]," but only if *"deemed necessary for proper administration."* (Emphasis added.) There is no showing on this record that it was necessary to the proper administration of this estate for the corporate executor to employ the counsel that had brought the account into the bank.

Recently, in *Estate of Thayer*,[3] this court was faced with the question of whether a corporate executor would be represented by the attorney named in the will or by an attorney named by the next of kin, pursuant to sec. 310.25, Stats. It was concluded that the clearly expressed intent of the testator must prevail.

The court stated:

". . . What sec. 310.25 provides is that the choice of the corporate executor not prevail over the opposition of the nearest of kin when the testator has himself expressed no choice of attorney." [4]

---

[2] *Id.* at page 188. In *Estate of Sieben* (1964), 24 Wis. 2d 166, 169, 128 N. W. 2d 443, this court determined that in the absence of a recitation of the named attorney's qualifications it would be assumed that there was some legitimate reason which prompted the request.

[3] (1968), 41 Wis. 2d 55, 163 N. W. 2d 142.

[4] *Id.* at page 62.

The opinion went on to say:

"While this court is not blind to the possibility that an attorney may urge the selection of a corporate executor, who will be likely to reciprocate by employing him as the attorney, no problem is created when . . . the choice of both executor and the attorney are the free choice of the testator." [5]

Thus, in *Thayer* this court anticipated the issue which is now before it.

Quoting from 31 Marquette Law Review 231, 236, this court stated in *Thayer*, as it did in *Ogg*, that the purpose of sec. 310.25, Stats., was " 'for the protection of the interests of the heirs, and to prevent a monopoly of the probate business by counsel appointed by such [corporate] executors.' " [6]

In the instant case it appears that the First National Bank of Waukesha was attempting to do precisely what the statute was designed to prevent. In substance, the bank was saying that it would not serve as executor unless it were permitted to employ its own counsel.

Under sec. 310.25, Stats., the next of kin is given the right to name the attorney to represent the estate *unless* "good cause [can] be shown . . . why this should not be done." The First National Bank of Waukesha has not shown "good cause" by setting forth a bank policy which is contrary to the very purpose of the statute. It is apparent that the "good cause" exception was intended to "cover instances where the counsel appointed by the heirs was not capable of handling the position to which he was appointed." [7] There is no showing on the record before the court that the attorney named by the next of kin was not competent to perform the duties for which he was retained.

[5] *Id.* at page 63.
[6] *Id.* at page 62.
[7] Comment, 31 Marq. L. Rev. (1947), 231, 236.

*Pedrick v. First National Bank of Ripon* [8] supports the conclusion that the policy of the First National Bank of Waukesha is contrary to sec. 310.25, Stats., and therefore does not constitute "good cause."

In *Pedrick*, an attorney entered into an agreement with a bank in which the bank agreed to employ the attorney in probating any estates in which the will drawn by the attorney named the bank as executor. The attorney sued the bank for an alleged breach of contract. This court held that the contract was void as being contrary to the public policy expressed in sec. 310.25, Stats.

". . . the parties here stipulated for something inhibited by the law, namely, the appointment by a corporate executor of the attorney for the estate." [9]

*By the Court.*—Order reversed, and cause remanded with instructions to trial court to grant petition of Erhard H. Behr naming A. E. Simonson as attorney for the estate of Henry J. Behr.

---

[8] (1954), 267 Wis. 436, 66 N. W. 2d 154.
[9] *Id.* at page 439.