MARCEL DANDENEAU, Chief Clerk Wisconsin State Assembly
At the direction of the Assembly Committee on Organization, you ask whether cemetery association voters must be lot owners under sec. 157.03 (4), Stats. The answer is yes. Your question apparently arises out of a concern that family members of a deceased owner should be permitted to vote in association elections. As discussed below, family members may qualify as "owners," as that term is used in sec. 157.03 (4), Stats., and thus be permitted to vote in association elections.
Section 157.03 (4)(a), Stats., reads as follows:
 Annual election shall be held at such place in the county as the trustees direct upon such public notice as the by-laws prescribe. Trustees chosen after the first shall be proprietors of lots in the cemetery, residents of the state, and hold office for three years. Election shall be by ballot, and a plurality shall elect. Each owner of one or more lots shall be entitled to one vote, and such one of several owners of a lot as the majority of them designate shall cast the vote.
One must therefore be a lot owner to be entitled to vote at an association election.
Section 157.10, Stats., provides in relevant part as follows: "While any person is buried therein a lot shall be inalienable without the consent of a majority of the board and on the death of the owner shall descend to his heirs; but any one or more of such heirs may convey to any other heir his interest therein." Interpreting the provisions of sec. 157.10, Stats., the supreme court has held that, upon the death of a cemetery lot owner, the owner's interest in the lot descended to the *Page 133 
owner's heirs,[1] subject to the rights of the owners and members of their families to be buried in the lot so long as space was available.[2] Ryan v. Schmit, 1 Wis.2d 215,83 N.W.2d 685 (1957). Therefore, family members, provided they are heirs of the deceased owner, become owners of the lot upon the death of the original owner. As owners, they are entitled to vote under sec. 157.03 (4), Stats. In the case of multiple owners of a lot or lots, sec. 157.03 (4)(a), Stats., directs that those owners are entitled to one vote to be cast by the owner selected by majority vote of the owners of the lot or lots.
Section 851.09, Stats., defines an "heir" as "any person, including the surviving spouse, who is entitled under the statutes of intestate succession to an interest in property of a decedent." Section 852.01, Stats., sets forth the rules on intestate succession, and specific determinations of heirship must be made on the basis of that statute. Subject to the order of priority provided in sec. 852.01, Stats., such persons generally may include spouses, children, grandchildren, parents, brothers and sisters, children of brothers and sisters, and grandparents.
In conclusion, any family member of a deceased lot owner who is an heir, as defined in secs. 851.09 and 852.01, Stats., is entitled as an owner to vote in cemetery association elections.
BCL:DDS
[1] The form of ownership passing to the heirs depends on the type of interest held by the original owner. In this case, the original owner held the lot as a tenant in common with her sisters, and the court therefore ruled that the heirs took the property as tenants in common with the sisters.
[2] As tenants in common, the court explained that each owner held an undivided interest in the lot, with no right to exclude any other owner or to appropriate a particular portion of the lot to his or her exclusive use. The court noted that when the lot became fully occupied, the remaining owners would of necessity be excluded from burial in the lot.